In the Matter of the Application of WILLIS MCINTYRE to Compel THE FIFTH AVENUE BANK OF NEW YORK, as Trustee of the Trust Created under the Last Will and Testament of WILLIAM MCINTYRE, Late of Sunnyside, Queens County, Deceased, to Pay ALEXANDER MCINTYRE, WALTER MCINTYRE and WILLIS MCINTYRE the Remainder of the Trust to Which They Are Entitled Pursuant to Paragraph VIII of the Will of Said Deceased. The FIFTH AVENUE BANK OF NEW YORK, as Trustee of the Trust Created in Paragraph Eighth of the Last Will and Testament of WILLIAM H. MCINTYRE, Deceased, Appellant; WILLIS MCINTYRE, Respondent.—This is a proceeding by one of the remaindermen to compel the trustee to distribute in cash to the three remaindermen the balance of the principal and interest. Decree of the Surrogate's Court, Queens county, modified by striking out the provision that the petitioner, Willis McIntyre, " is entitled to and shall receive his distributive share in cash, with interest," and as so modified affirmed, without costs. The time of the trustee to file and settle its account is extended to ten days after service of a copy of the order to be entered hereon. The will specifically provides: " In making investments under the foregoing trust, I direct that my Trustee shall be limited to investments in which under the laws of the State of New York, a Trustee may invest trust funds except in the case of bonds and mortgages fully guaranteed by seasoned and responsible corporations approved by my said Trustee or its successor." The trustee invested the corpus of the trust in a participation interest in a bond and mortgage. Petitioner's sole complaint is that the trustee violated the provision of the will above quoted in investing the trust funds in a bond and mortgage not " fully guaranteed by seasoned and responsible corporations," etc. It is not disputed that at the time the trustee acquired an

interest in the bond and mortgage the property was unincumbered and was worth fifty per cent more than the amount loaned thereon. This was all the statute, as then existing, required to make the investment of trust funds in a bond and mortgage legal. (Dec. Est. Law, § 111; Pers. Prop. Law, § 21; Banking Law, § 188.) The limitation on the trustee's power to invest in a bond and mortgage was to apply only if such investment were not authorized by the statutes. Lazansky, P. J., Hagarty, Johnston and Taylor, JJ., concur; Adel, J., dissents and votes for affirmance without modification.